IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WILLIAM SHEPARD,        )
     Petitioner,          )
                     )     **Criminal No. 1:05cr152**
v.                  )
                     )     **Civil Action No. 1:06cv972**
UNITED STATES OF AMERICA, )
     Respondent.        )

## ORDER

The matter is before the court on petitioner's *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Oral argument is dispensed with because the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid in the decisional process.[1]

### I.

On June 8, 2005, petitioner knowingly and voluntarily pled guilty to Count 1 of a superseding indictment charging him with conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[2] Taking into account petitioner's acceptance of responsibility, and based on the amount of drugs attributable to petitioner in this case — between 150 and 500 grams — the Probation Officer properly calculated petitioner's total offense level under

---

[1] *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required...on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

[2] Counts 10 and 11 of the superseding indictment, charging petitioner with distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), were dismissed on the government's motion. *See United States v. Shepard*, 1:05cr152 (E.D. Va. June 8, 2005) (Order).

the Sentencing Guidelines as 31.  This total offense level, combined with a criminal history category of V, resulted in an advisory Guidelines range of imprisonment of 168 to 210 months on the instant offense.  And, with the exception of certain non-material factual corrections raised by petitioner's counsel and ordered to be made to the Presentence Investigation Report (PSIR), the PSIR was adopted as the Court's findings and conclusions in this case.  Ultimately, on September 12, 2005, petitioner was sentenced to 168 months of imprisonment — the bottom of the applicable Guidelines range —  to be followed by five years of supervised release.

Petitioner did not appeal his conviction or sentence to the Court of Appeals for the Fourth Circuit, as he waived his appeal rights as part of the plea agreement entered into with the government in this case.  Significantly, petitioner also waived his right to challenge his conviction or sentence, or the manner in which his sentence was determined, in any future proceedings or collateral attack.  *See* Plea Agreement, ¶ 7.  Nonetheless, on August 22, 2006 — less than a year after sentencing — petitioner filed the instant motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, arguing, *inter alia*, that he was denied his Sixth Amendment right to the effective assistance of counsel in the course of the plea and sentencing proceedings.  Specifically, petitioner claims his counsel was ineffective in four respects, namely (i) in failing to protect petitioner from the government's alleged coercive actions in the course of the plea negotiations, (ii) in failing to investigate and review certain discovery materials, (iii) in failing to review the PSIR with petitioner prior to sentencing and (iv) in failing to object at sentencing to alleged inaccuracies contained in the PSIR.  In addition to his ineffective assistance of counsel claims, petitioner also raises the related arguments (i) that the government engaged in prosecutorial misconduct by coercing petitioner to enter a plea in this case and (ii) that his sentence was improperly enhanced based, in part, on alleged inaccuracies contained in the PSIR.

## II.

It must first be noted that petitioner's knowing and voluntary waiver in his plea agreement of his right to attack his sentence and conviction in a collateral proceeding is fatal to the § 2255 claims raised here.  Indeed, in *United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005), the Fourth Circuit held conclusively "that a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *Id.* at 220 (stating further that "[l]ike our sister circuits, 'we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in [a] plea agreement'").  Here, a review of the record as a whole, including specifically the extensive Rule 11 colloquy from petitioner's plea hearing, confirms that petitioner knowingly and voluntarily agreed to all of the terms set forth in his plea agreement.  Such agreed-upon terms included an express and unambiguous waiver of petitioner's right to file a direct appeal or collateral attack in this case.  Indeed, petitioner himself acknowledges in the memorandum accompanying his § 2255 motion that he "agreed in the Plea Agreement, at page 4, item 7, to waive his right to appeal sentence *and not to attack the sentence by way of collateral attack*."  Petitioner's Memorandum (docket #61) at 1 (emphasis added).  Accordingly, based on petitioner's knowing and voluntary waiver in this regard, which he readily concedes, the § 2255 claims raised here must be denied.

## III.

Even assuming petitioner had not knowingly and voluntarily waived his right to challenge his conviction on collateral attack, his § 2255 claims nonetheless fail on substantive grounds.  First, it is well-settled that a two-prong test applies to ineffective assistance of counsel claims.  *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984); *U.S. v. Lurz*, 666 F.2d 69, 78 (4th Cir. 1981).  Specifically, a petitioner must show, first, that counsel's performance "fell below an objective

standard of reasonableness," and second, that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 688.  That is, petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Moreover, to prevail on an ineffective assistance of counsel claim, petitioner must overcome the strong presumption that counsel rendered "adequate assistance and made all significant decisions in the exercise of reasonable judgment."  *Id.* at 690.

In support of his ineffective assistance of counsel claim, petitioner first contends that counsel failed to protect him from the government's alleged coercive actions in the course of the plea negotiations.  The actions challenged by petitioner in this regard took place on June 8, 2005 — the day of the scheduled plea hearing — at a meeting where petitioner was faced with the decision whether to sign the negotiated plea documents.  In the course of this meeting, petitioner allegedly raised with his counsel the issue of requesting new counsel.  Petitioner's counsel then allegedly left the room and returned together with government counsel, at which point government counsel allegedly told petitioner — in petitioner's words — that "[m]y lawyer is a good lawyer and would represent me to his best ability, and that the Judge would not go for me getting another lawyer." Petitioner's § 2255 Brief, p. 10.  Petitioner then contends that both his attorney, as well as government counsel, "kept coming at [him] with tactics to get [him] to sign the plea agreement, where [he] felt [he] had no choice but to sign the agreement."  *Id.*

Significantly, petitioner has failed to identify any specific actions on the part of government counsel that would support his claim of coercive action.  Moreover, none of the statements or allegations of coercive action are made by petitioner under oath in a sworn affidavit.  Yet, petitioner <u>did</u> make sworn statements in the course of the Rule 11 plea colloquy that clearly contradict the instant allegations of coercive action, as reflected in the following exchange:

4

> THE COURT: Has anyone tried to force you or pressure you or coerce you in any way to plead guilty in this case?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Are you pleading guilty, then, freely, willingly and voluntarily because you are, in fact, guilty?
>
> THE DEFENDANT: Yes, sir.

Plea Transcript, p. 23.[3]  Significantly, petitioner further acknowledged, under oath, in the course of the Rule 11 plea colloquy that he was fully satisfied with the advice and counsel he had received from his counsel as of the date of the plea hearing, again contradicting the instant allegation that counsel was ineffective in the course of the plea negotiations by failing to protect him from the government's alleged coercive actions.  *See* Plea Transcript, p. 9; *infra* p. 7.  Moreover, petitioner's counsel has submitted a sworn affidavit stating, *inter alia*, that he did not attempt to coerce petitioner to enter a plea and that he did not observe any coercion on the part of government counsel.  *See* Defense Counsel Affidavit, p. 6.  Accordingly, in the circumstances, petitioner's ineffective assistance of counsel argument based on alleged government coercion must be denied as petitioner is unable to establish either that his counsel's performance "fell below an objective standard of reasonableness" or that he suffered any resulting prejudice.  *Strickland*, 466 U.S. at 688.

Petitioner's next ineffective assistance of counsel argument is that counsel failed to investigate and review certain discovery materials with petitioner, including specifically an alleged "less than truthful" statement made by a confidential informant.  Petitioner's § 2255 Brief, p. 7.  The specific statement objected to by petitioner in this regard is described in ¶ 13 of the PSIR, which

---

[3]  *See United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991) (recognizing that an appropriately conducted Rule 11 plea colloquy raises a strong presumption that the defendant's plea is voluntary and has not been coerced or threatened); *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992).

reads as follows:

> According to the case agent, in December 2003, a confidential informant (CI) was arrested in Fauquier County, Virginia, in possession of 60 grams of crack cocaine and a firearm.  This CI cooperated with police and indicated that she had purchased crack cocaine from John W. Smith, Robert Rector and William Shepard since late 2002.

PSIR, ¶ 13.  Petitioner contends that this statement is "less than truthful" because he was in state custody from May 2002 through August 2003, and thus that he could not have sold crack cocaine to the CI "since late 2002" as reflected in the statement.

The government, in response, concedes that petitioner was, in fact, incarcerated during the represented time frame.  Indeed, the criminal history portion of the PSIR reflects that petitioner served a period of incarceration from May 24, 2002, to August 25, 2003, based on a conviction in the Circuit Court of Fauquier County for possession of a concealed weapon.  Yet, the government correctly notes that the contested statement does not indicate that crack cocaine was purchased specifically from petitioner since late 2002; rather, the CI stated only that she had purchased crack cocaine from a total of <u>three</u> individuals beginning in late 2002.  She did not further identify the specific time period during which she had purchased drugs from each of these three individuals, including petitioner.  For this reason, the CI's statement is not plainly "less than truthful," as petitioner contends, and counsel was not objectively unreasonable in failing to investigate the statement further or object to the inclusion of the statement in the PSIR.  *See Strickland*, 466 U.S. at 688.  Nor, importantly, has petitioner shown that he suffered any prejudice as a result of counsel's failure in this regard.

In a related argument, and in an attempt to establish prejudice from counsel's failure to investigate the CI statement further, or to object to the inclusion of the statement in the PSIR,

petitioner contends he was improperly assessed two criminal history points for committing the instant offense "while under any criminal justice sentence (e.g. probation, parole, supervised release, imprisonment, work release, escape status)."  PSIR, Worksheet C, p.2.  Specifically, petitioner contends the CI's alleged "less than truthful" statement was the sole basis for these two points and that counsel was therefore ineffective in failing to object to the two-point assessment.

Simply put, petitioner is mistaken in this regard, as the PSIR reflects that petitioner was on post-release supervision on the Fauquier County offense until at least August 25, 2004.  *See* PSIR, p. 12.  Moreover, petitioner admitted, as part of his acceptance of responsibility to the Probation Officer in this case, that "his participation [in the instant conspiracy] began in October 2003[,] [while he was on post-release supervision,] and continued until his arrest."  PSIR, p. 8, ¶ 42.  Accordingly, the two points assessed against petitioner for having committed the instant offense while under any criminal justice sentence are independently supported by petitioner's own admission and counsel was not objectively unreasonable in failing to object to the two-point assessment.   Moreover, because the criminal history points were properly assessed, petitioner did not suffer any prejudice as a result of counsel's failure to object to the two-point assessment in the course of the sentencing proceedings.

Petitioner next contends that counsel was ineffective in failing to review the PSIR with petitioner prior to sentencing.  This allegations is flatly refuted by petitioner's own statements made in the course of the sentencing hearing, as reflected in the following exchange:

> THE COURT: Mr. Shepard, have you had an adequate opportunity to review the presentence report and to review it with your counsel, Mr. Yamamoto?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right.  Are you fully satisfied with the advice of counsel you have received from Mr. Yamamoto?

THE DEFENDANT: Yes, sir.

Sentencing Transcript, p.3.  This particular argument therefore lacks merit and must be denied.

Petitioner next contends that counsel was ineffective in failing to object to the Probation Officer's assessment in the PSIR of one criminal history point based on a 1995 assault conviction. In this regard, petitioner contends this point should not have been assessed because he received only a fine for that offense and not a term of imprisonment.  Petitioner is again mistaken as the Guidelines make clear that "[t]he term 'prior sentence' [for which criminal history points are properly assessed] means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense."  U.S.S.G. § 4A1.2(a)(1). Contrary to petitioner's contentions, a term of actual incarceration is not required, as U.S.S.G. § 4A1.2(c) of the Guidelines makes clear that "[s]entences for all felony offenses are counted...[and] [s]entences for misdemeanor and petty offenses are counted, except [in circumstances not present here]."  Thus, petitioner's 1995 assault conviction falls within the scope of § 4A1.2(c) regardless of whether the offense was charged as a misdemeanor, as petitioner contends, or a felony, as the government contends, and the single criminal point for this prior conviction was properly assessed. For this reason, counsel was not objectively unreasonable in failing to object to the one-point assessment, nor did petitioner suffer any resulting prejudice from counsel's failure in this regard.

Finally, petitioner contends that counsel was ineffective in failing to investigate or object to the educational information reflected in the PSIR.  In this regard, the PSIR noted the following:

> 74. Records from Fauquier County High School indicate the defendant withdrew from school on February 5, 1990 while in the seventh grade.  Prior to his withdrawal, the defendant's grades were below average and he reportedly exhibited disruptive and non-attentive behavior.

> 75.  The Pittsburgh Job Corps Center reports that the defendant

8

> entered their program on February 25, 1992.  He completed a
> program in auto body repair and left the program on October 26,
> 1992.  No further information is available, as the Job Corps records
> are maintained for only three years.

PSIR, p. 16-17.  Petitioner now contends that this educational summary was inaccurate, as he claims

he completed the tenth grade and then obtained his GED while attending the Pittsburgh Job Corps

Center.  What petitioner forgets, however, is that counsel indeed raised both of these points in the

course of the sentencing proceedings and the Court was therefore aware of petitioner's contentions

in this regard.  *See* Sentencing Transcript, p. 3-5.  Petitioner is therefore unable to establish either

that counsel acted unreasonably or that he suffered any resulting prejudice on this ground.

Moreover, even assuming the additional allegations concerning petitioner's education  had not been

disclosed in the course of the sentencing proceedings, such allegations are ultimately immaterial to

the sentence imposed and thus could not be the basis for any claim of prejudice to petitioner as part

of an ineffective assistance of counsel claim.

In sum, petitioner is unable to overcome the strong presumption that his counsel rendered

"adequate assistance and made all significant decisions in the exercise of reasonable professional

judgment."  *Strickland*, 466 U.S. at 690.   Indeed, the record reflects not only that counsel acted

reasonably in this case, as required by *Strickland*, but also that he provided competent and zealous

representation to petitioner at all times throughout these proceedings.  Petitioner's ineffective

assistance of counsel claim accordingly must be denied.

Yet, this does not entirely end the analysis, for in addition to his ineffective assistance of

counsel arguments, petitioner also claims that the government engaged in prosecutorial misconduct

in the course of the plea negotiations, and that his sentence was improperly enhanced based on the

alleged inaccuracies contained in the PSIR.  Simply put, because these claims are based on the

9

precise facts forming the basis of petitioner's ineffective assistance of counsel claim, they, too, must be denied for the reasons set forth above.

Finally, insofar as petitioner objects to his sentence being enhanced based on an amount of drugs not found by a jury beyond a reasonable doubt — namely, between 150 and 500 grams of crack cocaine — this argument likewise fails because petitioner knowingly and voluntary admitted in the course of the plea proceedings to the precise amount of drugs attributed to petitioner in this case. *See* Statement of Facts, ¶ 8 (providing that "[i]t was reasonably foreseeable to Shepard that Shepard and his co-conspirators distributed at least 150 grams but less than 500 grams of cocaine base in furtherance of their jointly undertaken criminal activity"). Moreover, contrary to petitioner's contentions, the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) does not require a result different from the result reached here given that petitioner's 168-month custody sentence does not exceed "the maximum authorized by the facts established by a plea of guilty or a jury verdict." *Id.* at 244.

Accordingly, for the foregoing reasons,

It is hereby **ORDERED** that petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

Should petitioner wish to appeal this Order he must do so within sixty (60) days pursuant to Rules 3 and 4, Fed. R. App. P.

The Clerk is directed to send a copy of this Order to petitioner and all counsel of record.

_____/s/_____
Alexandria, VA                                    T. S. Ellis, III
July 20, 2007                                      United States District Judge